CAMERON et al. v. LEONARD et al.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

PAYMENT—ACCEPTANCE OF DRAFT.

A finding that the draft given by defendant to plaintiff was not accepted in full payment of plaintiff's claim will not be disturbed where the only evidence of such acceptance was the testimony of several of defendant's clerks, based on memoranda made by the defendant after the transaction, rather than on anything that took place at the time, and defendant had not asked for nor obtained a receipt in full.

Appeal from special term, Albany county.

Action by Edward M. Cameron and O. G. Hawn against Jacob Leonard and others to enforce a mechanic's lien. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Mead & Hatt, for appellants.

Ward & Cameron, for respondents.

PARKER, P. J. The only question requiring consideration in this case is whether the conclusions of fact reported by the referee should be sustained. It is earnestly urged by the appellants' attorney that the preponderance of evidence is so strongly against them that it is the duty of this court to reverse. We have no trouble whatever in concurring with the conclusion that all the lumber which was delivered by plaintiffs after May 20, 1893, was delivered on the credit of the defendant Jacob Leonard, and pursuant to his order or undertaking to pay for the same. The preponderance of evidence on that question is clearly against the defendants. On the question whether, on December 29, 1893, the plaintiffs presented a bill for $598.71 to Jacob Leonard, and received from him the draft of $256 in full payment and discharge thereof, the evidence is not so clear. The referee has found that they did not, that such draft was taken on account, and that the balance of $342.71 is still due and owing thereon; and, after a careful examination and consideration of the whole case, we are of the opinion that such conclusion should not be disturbed. In the case before us, while the conclusion of the referee as to the receipt of the $256 draft is clearly against the preponderance in numbers, it is by no means clear that it is against the weight of the evidence. As narrated by the defendants' witnesses, there are some features about the transaction that are quite unnatural. It is difficult to believe that the plaintiff Cameron, knowing, as he did, that Jacob Leonard actually owed them $598.71, concluded to accept therefor $256, and went away satisfied. It is somewhat singular, if the defendants had in fact brought about so advantageous a settlement, that they did not ask for a receipt in full, as evidence that the debt was paid, instead of the elaborate preparation, by way of memoranda, and impressing it upon the memory of the two clerks present, which the defendants made in anticipation of a further claim. And if the referee concluded that the evidence of those two young women gives their memory of what the defendant Jesse stated to them after the plaintiff's departure, rather than what they heard while he was there, we are not prepared to say that his judgment in this respect was incorrect. There were many features about the case, besides the direct evidence of the four witnesses upon which the appellants rely, that the referee had the right to consider as bearing upon that question. And we are not by any means satisfied that, upon the whole case, the preponderance of evidence was against the plaintiffs. For this reason we conclude that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.